IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES R. GERMALIC,** | : | **CIVIL NO. 1:12-CV-2100** |
| Plaintiff | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| **CAROL AICHELE,** | : | |
| Defendant | : | |

# **M E M O R A N D U M**

**I.** **Background**

Before the court is James R. Germalic's petition for an injunction to stop the printing of ballots for the general election to be held on November 6, 2012. Because this court considers this request to be a request for emergency relief, the motion will be addressed without notice to the defendant and without a hearing. No complaint has been filed in this action.[1]

Germalic claims that Pennsylvania is a large state and that he does not have the ability to gather the number of signatures required in time to have his name placed on the ballot. He claims that he cannot compete on a level playing field with the other candidates and, therefore, he is not being treated equally. It appears that his claim is a denial of equal protection.

---
[1] Plaintiff has failed to pay the filing fee required to file an action in federal court nor has he filed an application for leave to proceed without the payment of such fee. Absent one of these, this court could have dismissed this matter without consideration of the petition on its merits.

**II.** **Discussion**

A request for injunctive relief requires that the following four factors be considered:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the requested relief; (3) whether the granting of preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest.

*American Express Travel Related Services, Inc. v. Sidamon-Eristoff, et al.*, 669 F.3d 359, 366 (3d Cir. 2012) (citations omitted). This court will analyze the instant request against these standards.

### A. Reasonable Probability of Success on the Merits

It appears that Germalic is alleging a denial of equal protection. The Equal Protection Clause of the Fourteenth Amendment directs that all similarly situated individuals be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

> Two theories exist upon which a plaintiff may predicate an equal protection claim: the traditional theory and the class of one theory. The traditional theory protects individuals from discriminatory treatment based upon membership in a protected class such as race, national origin, religion or sex. . . . Under the class-of-one theory, a plaintiff may advance an equal protection claim absent membership in a protected class if he or she shows irrational and intentional differential treatment when compared with similarly situated individuals.

*Hynoski v. Columbia County Redevelopment Auth.*, 2011 U.S. Dist. LEXIS 24794, *8 (M.D. Pa. 2011) (citations omitted).

Germalic does not qualify for consideration under the traditional theory because he is not a member of a protected class. Nor does Germalic qualify for protection under the class-of-one theory. He has not been treated differently than

any other candidate running for office. All candidates are required to meet the minimum number of signatures to be placed on the ballot in Pennsylvania. Thus, he is not likely to succeed on the merits.

### B. Irreparable Harm to the Plaintiff

The harm suffered by Germalic is that he will not be placed on the Pennsylvania ballot for possible election in 2012. While this factor may be in his favor, all other factors weigh against him in deciding on whether to grant an injunction. Germalic knew of the qualifications to be placed on the ballot.

### C. Harm to the Non-Moving Party

Extreme harm will occur to the Commonwealth of Pennsylvania, its voters, and candidates. To grant relief would require reprinting of ballots which could not be accomplished by November 6, 2012. To grant an injunction would disenfranchise the voters since new ballots cannot be reprinted and the electronic voting machines reprogrammed in time for the election. Furthermore, voters in the Commonwealth and other candidates who have complied with the applicable election rules would incur harm in the event that a non-compliant candidate be placed on the ballot. Such an outcome would be tantamount to reverse discrimination against those who have complied with the applicable rules.

### D. Public Interest

For the same reasons set forth above, Germalic's request is not in the public interest.

**III.** **Conclusion**

For the foregoing reasons, the motion for injunctive relief will be denied. In addition, since no complaint has been filed in this action and no other relief has been sought by the plaintiff, this case will be ordered to be closed. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: October 25, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES R. GERMALIC,** | : | CIVIL NO. 1:12-CV-2100 |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| **CAROL AICHELE,** | : | |
| **Defendant** | : | |

# **O R D E R**

For the reasons set forth in the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** the motion for injunctive relief is denied. The Clerk of Court shall close the file.

s/Sylvia H. Rambo
United States District Judge

Dated: October 25, 2012.